J-S04021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LEWIS JONES | : | |
| | : | |
| Appellant | : | No. 1327 EDA 2021 |

Appeal from the Judgment of Sentence Entered August 16, 2019
In the Court of Common Pleas of Montgomery County
Criminal Division at No:  CP-46-CR-0002333-2018

BEFORE:   BENDER, P.J.E.,  MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 11, 2022**

Lewis Jones (Appellant) appeals *nunc pro tunc* from the judgment of sentence imposed following a stipulated bench trial.  In his sole issue, Appellant challenges the discretionary aspects of his sentence.  We affirm.

The trial court recounted the facts and procedural history as follows:

[Appellant] … was convicted of twenty-eight (28) counts, including aggravated indecent assault of a child under the age of 13, rape of a child, unlawful contact with a minor, indecent assault of a minor under the age of 13, and corruption of minors, following a one-day stipulated bench trial on May 7, 2019.[FN] 1

> [FN] 1 The case started as a jury trial, and following one half day of testimony on May 6, 2019, counsel and [Appellant] switched to a stipulated bench trial.

[Appellant] is the father of the two female victims.  The facts stipulated indicate that between January of 2004 and May of 2008, when the victims were between the ages of seven (7) and eleven

[*] Former Justice specially assigned to the Superior Court.

(11), [Appellant] sexually assaulted and raped them on multiple occasions.

[Appellant] was sentenced on August 16, 2019, after receiving both a [presentence investigation report (PSI)] and a [probation and parole intervention evaluation report (PPI)[1]]. … The total sentence to be served by [Appellant] is fifty (50) to one hundred (100) years in a state correctional institution.

On September 16, 2019, a timely Notice of Appeal was filed with the Superior Court of Pennsylvania. ...

On January 31, 2020, [Appellant] withdrew and discontinued his appeal with the Superior Court of Pennsylvania. On November 3, 2020, [Appellant] filed a petition under the Post-Conviction Relief Act seeking to reinstate his post-sentence rights. The undersigned entered an Order granting [Appellant's] Motion on February 16, 2021[.]

Trial Court Opinion, 8/12/21, at 1-2 (citations omitted, one footnote in original, one footnote added).

On March 19, 2021, Appellant filed a post-sentence motion asserting the trial court erred by imposing an "unreasonable and manifestly excessive" sentence without giving "proper weight to mitigating factors presented at sentencing[.]" Post-Sentence Motion, 3/19/21, at ¶4(c)-(d). The trial court denied Appellant's motion on June 7, 2021. Appellant filed a notice of appeal on July 1, 2021. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Preliminarily, we address whether we have jurisdiction, as Appellant filed his post-sentence motion 31 days after the reinstatement of his post-

_____

[1] A PPI is a drug and alcohol evaluation.

- 2 -

sentence rights.[2]  ***See*** Pa.R.A.P. 105(b); Pa.R.A.P. 903(a); ***Commonwealth v. Dreves***, 839 A.2d 1122, 1127 (Pa. Super. 2003) (*en banc*) (the filing of untimely post-sentence motions does not toll the 30-day period to file an appeal from the judgment of sentence).  "Generally, an appellate court cannot extend the time for filing an appeal."  ***Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa. Super. 2007).  However, this Court has declined to quash otherwise untimely appeals in circumstances where "the failure to file a timely appeal [resulted from] a breakdown in the court system."  ***Commonwealth v. Stansbury***, 219 A.3d 157, 160 (Pa. Super. 2019).

A breakdown in the court system occurs when the trial court "either failed to advise Appellant of his post-sentence and appellate rights **or misadvised him**."  ***Patterson***, 940 A.2d at 498 (emphasis added). Pa.R.Crim.P. 704(C)(3)(a) provides that the trial court, at the time of sentencing, shall advise the defendant of his "right to file a post-sentence motion and to appeal, **of the time within which the defendant must exercise those rights**, and of the right to assistance of counsel in the preparation of the motion and appeal."  Pa.R.Crim.P. 704(C)(3)(a) (emphasis added).

---

[2] On August 18, 2021, this Court issued a Rule directing Appellant to show cause why the appeal should not be quashed as untimely.  We discharged the Rule and referred the matter to the merits panel on September 30, 2021.

Here, the trial court reinstated Appellant's post-sentence rights *nunc pro tunc* on February 16, 2021. Accordingly, Appellant's post-sentence motion was due on or before February 26, 2021. Appellant did not file his post-sentence motion until March 19, 2021. However, our review reveals that the language in the trial court's order implied that Appellant could not file his post-sentence motion until the expiration of the Commonwealth's 30-day appeal period. The order states:

> AND NOW, this 16th day of February, 2021, upon consideration of [Appellant's] Petition in Support of Statutory Post Conviction Relief … it is hereby **ORDERED** and **DECREED** that [Appellant's] Petition is **GRANTED**. [Appellant's] post-sentence rights shall be reinstated. **[Appellant] shall have ten (10) days from the expiration of the Commonwealth's thirty-day appeal period, if no appeal is filed, to file his post-sentence motion.**

Order, 2/16/19 (emphasis added).

As the court's order may be read as misinforming Appellant about his appellate rights and the time for filing his post-sentence motion, we conclude there was a breakdown in the operations of the court which excuses Appellant's late filing. *See Patterson*, 940 A.2d at 498. Therefore, we address the merits of Appellant's claim.

Appellant presents the following question for review:

> Whether an aggregate sentence of fifty to one hundred years of incarceration was clearly excessive and manifestly unreasonable?

Appellant's Brief at 4.

- 4 -

It is well-settled that the "right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). When an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

We have explained:

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test[.] We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

In this case, Appellant filed his post-sentence motion and notice of appeal in accordance with the PCRA court's directive. Also, he included in his brief the requisite concise statement of reasons relied upon for appeal pursuant to Pa.R.A.P. 2119(f). Appellant's Brief at 6. We therefore examine whether Appellant has raised a substantial question.

"We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Ahmad*, 961 A.2d 884, 886-87 (Pa. Super. 2008). Allowance of appeal will be permitted

only when the appellate court determines there is a substantial question that the sentence is not appropriate under the Sentencing Code. ***Commonwealth v. Hartle***, 894 A.2d 800, 805 (Pa. Super. 2006). A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. ***Id***.

> [A] defendant may raise a substantial question where he receives consecutive sentences within the guidelines if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013) (citation omitted).

In his Pa.R.A.P. 2119(f) statement, Appellant asserts the trial court failed to give "individualized consideration to [Appellant's] personal history, rehabilitative needs, or background," and focused only on the seriousness of Appellant's crimes. Appellant's Brief at 10. Appellant contends the court's failure to consider mitigating factors resulted in the imposition of consecutive, rather than concurrent, sentences, and an unduly harsh aggregate sentence. ***Id***. at 11.

Appellant has raised a substantial question. ***See Commonwealth v. Hill***, 210 A.3d 1104, 1116 (Pa. Super. 2019) (a substantial question existed where appellant claimed the trial court failed to consider certain sentencing factors in conjunction with appellant's assertion of an excessive sentence);

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) ("This Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question."). We therefore review Appellant's substantive argument.

Pertinently,

the proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion .... [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Moury*, 992 A.2d at 169–70 (citation omitted).

The Pennsylvania Supreme Court, in *Commonwealth v. Walls*, 926 A.2d 957, 964 (Pa. 2007), determined that a sentence may be unreasonable if the trial court misapplies or disregards the factors in 42 Pa.C.S.A. §§ 9721(b) and 9781(d). Section 9721(b) states:

[T]he court shall follow the general principle that the sentence imposed should call for total confinement that is consistent with section 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on

the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing[.]

42 Pa.C.S.A. § 9721(b).

Section 9781(d) provides this Court "shall have regard" for:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; [and] (4) the guidelines promulgated by the sentencing commission.

42 Pa.C.S.A. § 9781(d); *see also Commonwealth v. Ventura*, 975 A.2d 1128, 1134-35 (Pa. Super. 2009).

In addition, "long standing precedent … recognizes that [the Sentencing Code] affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Brown*, 249 A.3d 1206, 1212 (Pa. Super. 2021) (quoting *Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005)). We will not disturb consecutive sentences unless the aggregate sentence is "grossly disparate" to the defendant's conduct, or "viscerally appear[s] as patently unreasonable." *Commonwealth v. Gonzalez–Dejusus*, 994 A.2d 595, 599 (Pa. Super. 2010). Moreover, when the trial court has the benefit of a PSI report, it is presumed that the court was both aware of and appropriately weighed all relevant information contained in the report. *See, e.g., Commonwealth v. Griffin*, 804 A.2d 1, 8 (Pa. Super. 2002).

Appellant argues the trial court erred by sentencing him without considering "[Appellant's] prior criminal record, or his age at sentencing." Appellant's Brief at 17. Appellant acknowledges the court received a PSI (as well as a PPI), but claims the court was required to make "sufficient particular findings and conclusions on the record in open court." *Id.* Appellant concedes the trial court "imposed the mandatory minimum sentences in accordance with the law," but contends the consecutive nature of his sentences created a manifestly excessive aggregate sentence. *Id*. at 18.

The Commonwealth counters that the trial court properly and thoroughly addressed the Section 9721(b) factors at sentencing, and "stated the reasons for the aggregate sentence on the record in open court, including expressly taking [Appellant's] PSI into account." Commonwealth Brief at 14. The Commonwealth emphasizes that the court had discretion to run Appellant's mandatory and non-mandatory minimum sentences consecutively — as requested by the Commonwealth — but did not do so. *Id.* The Commonwealth argues the court's decision to run some of Appellant's sentences concurrently demonstrated the court's consideration of Appellant's mitigating factors. *Id*. at 14. We agree with the Commonwealth.

The record shows the trial court received a PSI, PPI, and a sexually violent predator assessment, and had the benefit of each at sentencing. *See* N.T., 8/16/19, at 3; *see also Commonwealth v. Fowler*, 893 A.2d 758, 766 (Pa. Super. 2006) (because the trial court considered the PSI report, "we are required to presume [it] properly weighed the mitigating factors present in

the case."); ***see also Commonwealth v. Boyer***, 856 A.2d 149, 154 (Pa. Super. 2004) (trial court's indication that it reviewed PSI report satisfies the requirement of stating its reasoning on the record).

Moreover, the trial court considered mitigating evidence. The court heard defense counsel's argument after considering statements from Appellant's brother and Appellant by way of allocution. **See** N.T., 8/16/19, at 3-28. The trial court further acknowledged that Appellant's criminal history (with a prior record score of four), did not involve sex offenses, in contrast to the "reprehensible" nature of Appellant's crimes in the underlying case. ***Id***. at 29.

Finally, Appellant's sentence is within the standard range of the sentencing guidelines, and as such, is presumptively reasonable. **See** 42 Pa.C.S.A. § 9781(c)(3) (appellate court must vacate sentence imposed within the sentencing guidelines only if it "involves circumstances where the application of the guidelines would be clearly unreasonable").

In sum, the record belies Appellant's claim that the trial court imposed an excessive sentence without consideration of mitigating factors. ***See e.g., Commonwealth v. Leatherby***, 116 A.3d 73, 84 (Pa. Super. 2015) ("[h]aving been fully informed by the [PSI] report, the [trial] court's discretion should not be disturbed"); ***Boyer, supra***.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/11/2022</u>